UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAPARIS ROGERS,

    Plaintiff,

v.   05-3262

J. LOGSDON, FORREST S. ASHBY,
S. REDSHAW, PHILLIP W. POOL,
S. RUIZ, J. VINCENT, TERRY L. POLK,
CARLTON, JOSEPH D. JENNINGS,
ROGER E. WALKER, JR.,

    Defendants.

## Case Management Order #1

    The plaintiff, currently incarcerated in Pinckneyville Correctional Center, filed this action pursuant to 42 U.S.C. Section 1983, challenging events that occurred during his incarceration in Western Illinois Correctional Center in 2005.

    The court is required by 28 U.S.C. §1915A to conduct a merit review of the Complaint, and through such process to dismiss any legally insufficient claims, or the entire action if warranted. A merit review hearing was scheduled to aid the court in this review, but will be canceled as unnecessary. The Complaint and exhibits already clearly set out the claims.

    The merit review standard is the same as a motion to dismiss standard. *Pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied*, 405 U.S. 948 (1972). The allegations are taken as true, and a claim can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

    The allegations are set forth as true for purposes of this order only. All the events occurred at Western Correctional Center.

### *March 14, 2005 Incident*

*Allegations:*

    On March 14, 2005, as the plaintiff returned from lunch, defendant Logsdon asked him and two other inmates for their identification cards. The plaintiff complied and continued on. Logsdon said, "Stop, I'm not finished with you, stop f—ing now," and made several threatening statements. Logsdon then grabbed the plaintiff, turned him toward the fence while grabbing him

1

by the arms, and pushed him face first into the fence causing pain in his forehead, shoulders and upper chest. This was unprovoked and done to get the plaintiff to attack Logsdon, so that Logsdon would have grounds for sending the plaintiff to segregation for a year. Logsdon denied the plaintiff's requests for medical treatment after the incident.

Logsdon wrote the plaintiff a false disciplinary report the same day based on the incident. Logsdon falsely stated that the plaintiff had repeatedly refused direct orders to catch up with his line. Logsdon further accused the plaintiff of refusing to show his identification card, and that the plaintiff had called Logsdon a "goofy-ass bitch." According to Logsdon, the plaintiff finally handed over his ID over, but in doing so intentionally thurst his torso into Logsdon's torso. Logsdon wrote that he handcuffed the plaintiff and escorted him to segregation, while the plaintiff said several times, "Wait 'til I get these cuffs off, I'll beat your ass." Plaintiff denies Logsdon's account.

The adjustment committee (defendants Ashby and Pool) found the plaintiff guilty of intimidation/threats and disobeying a direct order, and recommended three months C grade, one month segregation. Defendants Ashby and Pool knew the plaintiff was not guilty, but they acted in conspiracy with Logsdon. Defendant Polk (the warden) approved the Committee's recommendation. The adjustment committee report was apparently not signed by these defendants, at least initially. The plaintiff filed a grievance on the discipline, and won a re-hearing, but the re-hearing never happened. The other two inmates involved in the incident received lesser punishment.

*Analysis:*

The plaintiff does not state a procedural due process claim for hearing and punishment resulting from the March 14, 2005 disciplinary ticket, because the plaintiff did not lose any constitutionally protected liberties. Segregation and grade demotion could have been imposed on him with no procedural due process at all. *See Thomas v. Ramos*, 130 F.3d 754, 760, n.8 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or in remaining certain grade). Failure of prison officials to follow their own regulations, or state law, is not a federal claim.

However, the plaintiff arguably states a claim for excessive force. Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. at 5 (1992). Significant injury is not required to state a claim, but its absence tends to support that only de minimis force was used. *Outlaw v. Newkirk*, 259 F.3d at 839 (7th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000)(single punch to chest was not excessive force under Eighth Amendment standards). That determination must await further factual development. The plaintiff also says Logsdon denied his requests for medical treatment. Though quite a stretch, the court will not rule out a deliberate indifference to serious medical needs claim at this stage. The court is not allowed to impose a fact-pleading standard, and such a claim is not necessarily inconsistent with the allegations.

### *6/28/05 Disciplinary Ticket for Gang Activity*

*Allegations:*

On June 28, 2005, the plaintiff was written a disciplinary report for fighting. He was found guilty in a hearing on July 5, 2005, and punished with one month grade demotion, one month segregation and one month loss of good time. The plaintiff does not challenge this ticket.

On July 8, 2005, the plaintiff was called in front of the adjustment committee again, this time for a disciplinary report written by defendant Jennings, accusing the plaintiff of gang activity. Defendants Ruiz and Carlton also signed this disciplinary report. The gang activity ticket was based on the same fighting incident the plaintiff was already punished for on July 5th. The plaintiff admits to the fighting (which is why he does not challenge the fighting disciplinary report), but denies the fight involved any gang activity.

The plaintiff did not receive notice of the gang activity charge until less then an hour before the hearing. Defendants Ashby and Pool found him guilty of gang activity and recommended three months grade demotion, three months segregation, three months revocation of good time credit, disciplinary transfer, and six months visitation restriction. Defendant Polk approved the recommendation, and defendant Walker concurred. Defendant Redshaw recommended denial of the plaintiff's grievance. Defendant Walker concurred.

*Analysis:*

The plaintiff arguably lost good time, so he was entitled to due process before being punished for gang activity.[1] Before those credits could be revoked, the defendants must have provided him with the procedural due process required by the Constitution. This means: 1) at least 24 hours advance written notice of the charge; 2) an impartial decision maker; 3) an opportunity to call witnesses and present documentary evidence, if consistent with the prison's safety and correctional goals; and 4) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 529, 94 S.Ct. 2963 (1974). Once these procedural protections are satisfied, "'the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by 'some facts.'" *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999),

---

[1] The plaintiff also asserts that the gang activity ticket amounted to "double punishment" for the fighting (for which he was already punished for on July 5). He says in such situations, inmates are ticketed only for fighting, not gang activity. But no inference of double punishment (double jeopardy) on the same charge arises from his allegations (assuming there can be such a claim). The gang activity ticket did arise from the same fighting incident, but was based on new charges that Rogers' was supporting a member of his gang against a member of another gang–"stepping in to assist a fellow GB against a rival Four Corner Hustler showed a sign of intimidation of three against one."

3

*quoting Hanrahan*, 747 F.2d at 1139-40. Courts "'are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence . . .'" *McPherson*, 188 F.3d at 786, *quoting Super. Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). The disciplinary report itself suffices as "some evidence," unless the prisoner somehow invalidates it. *Id.*

The plaintiff says he received less than an hour's notice of the charge, and, he appears to say that the guilty finding was not supported by some evidence. Arguably, he also may not have had an opportunity to present evidence or witnesses in his defense, given the short notice. These allegations sufficiently state a procedural due process claim. His due process challenges may ultimately have to be dismissed, if those challenges necessarily imply that his good time should be restored. This is because, generally, challenges to disciplinary proceedings in which good time is revoked cannot be made in a § 1983 action, if those challenges "necessarily imply" that the good time should be restored. *DeWalt v. Carter*, 224 F.3d 607, 615 (7th Cir. 1999). Those kinds of challenges must instead be made through a habeas corpus action (if they can be pursued at all), because the challenges effectively say, "I should get out of prison sooner."

However, there are exceptions to that rule, and determining whether those exceptions apply here requires a more factually developed record. For example, it is not clear if the plaintiff's good time was actually revoked (the ARB report indicates that the recommendation was under review) or has since been restored. Additionally, it is not clear if all his procedural due process challenges necessarily imply that his good time should be restored. Lack of notice may fall in that category. *See Clayton-El v. Fisher*, 96 F.3d 236, 243-44 (7th Cir. 1996)(failure to give notice of prison disciplinary hearing immediately cognizable regardless of outcome of disciplinary hearings). These determinations are better made at summary judgment on a complete record. Similarly, the court cannot rule out the personal responsibility of defendants in this claim without further factual development.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

A) Defendant Logsdon used excessive force on the plaintiff on March 14, 2005, and was deliberately indifferent to the plaintiff's serious medical needs resulting from that excessive force, in violation of the plaintiff's Eighth Amendment rights;

B) The plaintiff's Fourteenth Amendment procedural due process rights were violated regarding the gang activity ticket issued to him on July 8, 2005 and subsequent disciplinary hearing and punishment.

2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

3)     This case shall proceed solely on the federal claims identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.

4)     The necessary deficiency orders are directed to be entered, if any.

5)     After the plaintiff satisfies all deficiencies, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6)     A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)     The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 6th Day of March, 2006.

                                        **s\Harold A. Baker**

                                        HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE