UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAPARIS ROGERS,[1]

    Plaintiff,

v.                                                             05-3262

J. LOGSDON, FORREST S. ASHBY,
S. REDSHAW, PHILLIP W. POOL,
S. RUIZ, J. VINCENT, TERRY L. POLK,
CARLTON, JOSEPH D. JENNINGS,
ROGER E. WALKER, JR.,

    Defendants.

## Case Management Order #1

    This case is proceeding on the following claims:

    1. Defendant Logsdon used excessive force on the plaintiff on March 14, 2005, and was deliberately indifferent to the plaintiff's serious medical needs resulting from that excessive force, in violation of the plaintiff's Eighth Amendment rights;

    2. The plaintiff's Fourteenth Amendment procedural due process rights were violated regarding the gang activity ticket issued to him on July 8, 2005 and subsequent disciplinary hearing and punishment.

    Before the Court is Defendants motion for partial summary judgment on the medical needs and due process claims. Defendants do not move for summary judgment on the excessive force claim.

## Undisputed Facts

    These facts are set forth essential verbatim from Defendants' undisputed facts, to the extent Plaintiff has not put them in dispute.

    1. Plaintiff was an inmate incarcerated at Western Illinois Correctional Center for all dates referred to in his complaint.

---

[1] Plaintiff's name has been changed to LaParis Hinton. (d/e 54, p. 1).

2. Defendant Roger E. Walker, Jr. is the Director of the Illinois Department of Corrections.

3. Defendant Walker's designee, Terri Anderson, signed the Administrative Review Board decisions regarding the claims in this case. (Benton Affidavit ¶ 5). 20 Ill. Admin. Code § 504.805(a) allows the warden to designate this responsibility.

4. Defendant Terry L. Polk was the Warden at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

5. Defendant Steven G. Ruiz was a Public Service Administrator and Major Shift Commander at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

6. Defendant Alan Carlton was a Major Shift Commander at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

7. Defendant Forrest T. Ashby was a Correctional Lieutenant at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

8. Defendant Phillip D. Pool was a counselor at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

9. Defendant Julia Vincent was a counselor at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

10. Defendant Sue Redshaw was a Correctional Counselor II and grievance officer at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

11. Defendant Joseph D. Jennings was employed at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

12. Defendant James Logsdon was a Lieutenant at Western Illinois Correctional Center for all dates referred to in Plaintiff's complaint.

13. On March 14, 2005, Plaintiff was returning from the chow hall when he was issued a disciplinary report by Defendant Logsdon.

14. The March 14, 2005 disciplinary report was for the offense of 206: Intimidation or Threats, 403: Disobeying a Direct Order.

15. Defendant Logsdon placed Plaintiff in handcuffs before escorting Plaintiff to segregation.

16. Plaintiff did not receive medical care on March 14, 2005.

17. Plaintiff's medical records indicate that he was seen in segregation by medical staff on March 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and, 28. (Bruns Affidavit, ¶5). Plaintiff disputes this (d/e 54, p. 4, ¶ 17), but he does not explain how the medical records do not so indicate.

18. Plaintiff's medical records indicate that Plaintiff did not complain of any health issues when he was seen by medical staff on March 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, and, 28. (Exhibit E, Bruns Affidavit, ¶5). Plaintiff seems to assert that he did make complaints but his complaints were not recorded.

19. Plaintiff does not presently suffer from any injuries he may have suffered from at the time he was handcuffed and transferred to segregation on March 14, 2005.

20. Defendants Ashby and Pool were members of a March 16, 2005 Hearing Committee members during which Plaintiff's disciplinary report was reviewed.

21. Defendant Polk's designee, Roger Zimmerman, approved the Adjustment Committee's recommended action at the March 16, 2005 hearing and on April 11, 2005 and signed the report on behalf of Defendant Polk.

22. On April 8, 2005 Plaintiff submitted a grievance that was reviewed on May 6, 2005. The Grievance Officer who reviewed Plaintiff's grievance, Sue Redshaw, recommended the Plaintiff's grievance be upheld and the disciplinary report be reheard.

23. Defendant Polk concurred with Defendant Redshaw's recommendation on May 6, 2005.

24. Plaintiff was served with a disciplinary report on June 28, 2005. Plaintiff was charged with the offense 301: Fighting.

25. Correctional Officer Kessinger wrote the June 28, 2005 disciplinary report on Plaintiff after witnessing the fight between Plaintiff and inmate Johnson.

26. Major Carlton recommended Plaintiff be placed in temporary confinement due to the nature of the offense alleged in the June 28, 2005 disciplinary report.

27. An Adjustment Committee Hearing regarding the June 28, 2005 disciplinary report took place on July 5, 2005.

28. Plaintiff plead not guilty at the July 5, 2005 hearing and was subsequently found guilty of fighting at the hearing.

29. The July 5, 2005 Hearing Committee members were Defendants Ashby and Vincent.

30. Defendant Polk's designee, Roger Zimmerman, approved the Adjustment Committee's recommended action on July 10, 2005.

31. Defendant Jennings initiated an investigation concerning alleged security threat group activity after observing Plaintiff's fight on June 28, 2005.

32. Plaintiff is a gang member.

33. Plaintiff was served with a disciplinary report on July 4, 2005. Plaintiff was charged with the offense of 205: Security Threat Group or Unauthorized Organizational Activity for the incident that occurred on June 28, 2006.

34. The incidents alleged in the July 4, 2005 disciplinary report took place on June 28, 2005.

35. Defendant Jennings was the employee who wrote the disciplinary report regarding Plaintiff on July 4, 2005.

36. Defendant Ruiz reviewed the July 4, 2005 disciplinary report. Defendant Ruiz classified Plaintiff's offense of gang activity as a major infraction. Defendant Ruiz did not participate in any of the Adjustment Committee Hearings concerning Plaintiff's disciplinary reports.

37. Plaintiff refused to sign the July 4, 2005 disciplinary report when he was served at 9:00 p.m. on July 4, 2005.

38. The July 4, 2005 disciplinary report was rewritten on July 8, 2005.

39. Defendant Jennings was the employee who issued the re-written disciplinary report to Plaintiff on July 8, 2005.

40. The July 4, 2005 disciplinary report was re-written because Plaintiff's inmate number was incorrect in the July 4, 2005 disciplinary report.

41. Defendant Jennings made the change on the July 8, 2005 disciplinary report to reflect the correct inmate number for Plaintiff, and the correct observation date for the incidents alleged.

42. Defendant Carlton reviewed the July 8, 2005 disciplinary report. Defendant Carlton classified Plaintiff's offense of gang activity as a major infraction. Defendant Carlton did not participate in Plaintiff's Adjustment Committee Hearing.

43. An Adjustment Committee Hearing regarding the July 4, 2005 disciplinary report took place on July 8, 2005.

44. Plaintiff plead not guilty to the offense of gang or unauthorized organization activity at the July 8, 2005 hearing and was subsequently found guilty of the violation of gang or unauthorized organization activity at the hearing.

45. Plaintiff did not request any witnesses to offer testimony at the July 8, 2005 hearing when he was served with the disciplinary report on July 4, 2005, nor did he present the Adjustment Committee with any documentary evidence at the July 8, 2005 hearing.

46. Plaintiff did not request any witnesses to offer testimony at the July 8, 2005 hearing when he was served with the rewritten disciplinary report on July 8, 2005, nor did he present the Adjustment Committee with any documentary evidence at the July 8, 2005 hearing.

47. Plaintiff admitted at the July 8, 2005 hearing that he had been fighting on June 28, 2005.

48. The July 8, 2005 Adjustment Committee members were Defendants Ashby and Pool.

49. Defendants Ashby and Pool, as the Adjustment Committee members on July 8, 2005, recommended Plaintiff receive disciplinary action in the form of 3 Months C Grade and 3 months segregation, 3 months revocation of good conduct credits, transfer, and 6 months contact visits restriction.

50. Defendant Polk's designee, Roger Zimmerman, approved the Adjustment Committee's recommended action on July 13, 2005.

51. At the July 8, 2005 Adjustment Committee Hearing, the committee members recommended Plaintiff lose three months good conduct credit. The Administrative Review Board disapproved the Adjustment Committee's recommendation on September 27, 2005.

52. Plaintiff did not lose any good conduct credits for the July 4, 2005 disciplinary report, or July 8, 2005 rewritten disciplinary report.

## Analysis

*Summary Judgment Standard*

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a

matter of law.  *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)*;*Fed. R. Civ. P.56©.  This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  If such a showing is made, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); *Outlaw*, 259 F.3d at 837.  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).  In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party.  *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).

*Procedural Due Process Claim*

Plaintiff challenges the correctness of the guilty finding for security threat and his lack of adequate notice of the charge, but those questions are not reached if Plaintiff did not suffer a constitutional deprivation.  In other words, his punishment for the charge must have been severe enough to garner the Constitution's attention.  It was not.  Though Plaintiff's good time was originally revoked, it was later restored, so his loss of good time did not materialize.  His remaining punishment–grade demotion, segregation, transfer, contact visit restriction–are not liberty interests protected under the U.S. Constitution.  *See Overton v. Bazzetta*, 123 S.Ct. 2162, 2170 (2003)(2-year restrictions on visits as part of discipline constitutional); *Block v. Rutherford*, 104 S.Ct. 3227 (1984)(pretrial detainees had no due process right in contact visits); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *see also Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997)(prisoner has no liberty interest in remaining in general population or avoiding transfer to another prison).  Accordingly, summary judgment must be granted to Defendants on this claim.[2]

*Deliberate Indifference to Serious Medical Needs Claim*

Plaintiff asserts vaguely that he suffered "injuries" from Defendant Logsdon's excessive force and that Logsdon refused Plaintiff's request for medical treatment, telling the officers in segregation that Plaintiff did not need medical attention.  Plaintiff does not appear to have any documentation of his injuries, but he asserts that he suffered bruises, some bleeding, and had to use another inmate's inhaler after the excessive force.

The court believes it would be premature to dismiss this claim.  The court cannot rule out the possibility that Plaintiff had an objectively serious need for medical attention immediately after the alleged excessive force, even if he did not ask for medical attention in the days following

---

[2]Plaintiff is correct that 20 Ill. Admin. Code § 504.30(f) states that disciplinary reports shall not be served on inmates more than eight days after the offense, but a violation of this section does not violate the U.S. Constitution, nor does the violation of other state rules and laws.  *Osteen v. Henley*, 13 F.3d 221, 225 (7th Cir.1993) ("a violation of state law ... is not a denial of due process, even if the state law confers a procedural right").

(something which he appears to dispute). In any event, this claim might be characterized as a claim that Logsdon's refusal to take Plaintiff to the medical unit immediately after the excessive force amounted to the wanton infliction of pain under the Eighth Amendment.

IT IS THEREFORE ORDERED:

1) Defendants' motion for summary judgment is granted in part and denied in part. (d/e 42). Defendants are granted summary judgment on Plaintiff's 14th Amendment procedural due process claim. The following defendants are dismissed, as they are implicated only in that claim: Ashby, Redshaw, Pool, Ruiz, Vincent, Polk, Carlton, Jennings and Walker.

2) Defendants' motion for summary judgment on the deliberate indifference to serious medical need claim is denied. This claim is also construed as a claim that Defendant Logsdon's refusal to take Plaintiff for medical attention amounted to the wanton infliction of pain under the Eighth Amendment.

3) This case proceeds to trial against Defendant Logsdon on Plaintiff's Eighth Amendment claims of excessive force and deliberate indifference to serious medical needs/wanton infliction of pain.

4) The jury trial remains scheduled for February 19, 2008.

5) The final pretrial conference is rescheduled for February 13, 2008 at 10:00 a.m. by video conference. Defendant is directed to file the proposed final pretrial order by February 1, 2008. The clerk is directed to issue a video writ to secure the presence of Plaintiff and the Defendant's attorney at the video conference.

6) By February 1, 2008, the plaintiff is directed to submit the names of the witnesses he intends to call at the trial. Inmates of the Illinois Department of Corrections who are not parties to this case shall appear by video conference and IDOC employees who are not parties may appear by video conference. Non-party witnesses who are not IDOC inmates or employees must be subpoenaed. Plaintiff must request, by February 1, 2008, any necessary subpoenas from the court, providing the name and address of each witness to be subpoenaed. Plaintiff is also responsible for arranging for service of those subpoenas and for paying the witness and mileage fees to those witnesses under Fed. R. Civ. P. 45.

Entered this  17th   Day of   January, 2008.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE