UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LAPARIS ROGERS,[1]

    Plaintiff,

v.   05-3262

J. LOGSDON, FORREST S. ASHBY,
S. REDSHAW, PHILLIP W. POOL,
S. RUIZ, J. VINCENT, TERRY L. POLK,
CARLTON, JOSEPH D. JENNINGS,
ROGER E. WALKER, JR.,

    Defendants.

### ORDER

On January 17, 2008, summary judgment was granted on the plaintiff's procedural due process claim regarding a July 8, 2005 disciplinary ticket charging him with gang activity. (d/e 58). That ruling left for trial only the plaintiff's claim against Defendant Logsdon for excessive force on March 14, 2005, and Logsdon's alleged deliberate indifference to the plaintiff's serious medical needs resulting from that excessive force. The alleged excessive force involved verbal sparring that, allegedly, resulted in Logsdon grabbing the plaintiff, turning him toward the fence while grabbing him by the arms, and pushing him face first into the fence, allegedly causing pain in his forehead, shoulders and upper chest.

Shortly after the ruling on summary judgment, Defendant Logsdon filed a motion to amend his Answer to include the affirmative defense of failure to exhaust, a motion now pending before the court. Counsel asserted that the defense had been discovered in preparing for trial and that allowing the defense would not prejudice the plaintiff.

Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir.2005). However, Fed. R. Civ. P. 15(a)(2) allows amendment to pleadings with the court's leave, and provides that "[t]he court should freely give leave when justice so requires." "Leave to amend is 'inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party . . . ." *Larkin v. Galloway*, 266 F.3d 718, 722 (7th Cir. 2001), *quoting Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir.1992).

---

[1] Plaintiff's name has been changed to LaParis Hinton. (d/e 54, p. 1).

The plaintiff objects vaguely to the amendment, his grounds unclear. The court sees no bad faith or dilatory motive on the part of the defendant. It appears to the court to be an inadvertent error. The court also sees no undue prejudice, as the plaintiff has been given additional opportunity to respond to the exhaustion defense, and all the relevant evidence is already attached to his Complaint. The plaintiff's failure to exhaust the claims is arguably fairly evident from the Complaint's attachments—the grievances focusing only on the disciplinary reports and punishment. It should therefore work no unfair surprise or the plaintiff that he would have to meet an exhaustion defense.

The strongest argument for denying leave to amend, then, is undue delay. The original Answer was filed in June 2006, and leave to amend was not sought until January 2008, shortly before the trial was scheduled. Yet the court believes it would be unfair to deny leave to amend on grounds of delay alone in this case, where the error was inadvertent, there is no prejudice, and, the court arguably expanded the plaintiff's claims set forth in the Complaint to include excessive force and deliberate indifference. The allegations in the Complaint and its attachments focus on the alleged wrongful disciplinary report and punishment. The Court inferred the excessive force and deliberate indifference claim out of an abundance of caution in light of the plaintiff's pro se status and the notice pleading standard before the refinements of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). In the court's opinion, justice is not served by allowing the plaintiff to proceed to trial on clearly unexhausted claims, claims that the plaintiff arguably never intended to pursue in his Complaint, solely because of the delay in raising the defense. In the court's opinion, justice requires that the amendment be allowed.

Moving to the defendant's motion for summary judgment, it is clear that the plaintiff did not exhaust his administrative remedies. His grievance was "in regards to a disciplinary report written 3/14/05 by Lt. Logsdon for 206 intimidations or threats & 403 disobeying a direct order . . ." (4/8/05 grievance, Ex. 1, d/e 66). The relief he requested was to "be placed in B-grade, a lateral transfer from this institution to Danville or Illinois River." *Id.* The only reference to the physical confrontation in the grievance was the plaintiff's statement that "Logsdon became very hostile meaning he threw the toothpick that was in his mouth to the ground as well as his work gloves in a very aggressive manner, grabbed me by the arm, forced me to the gate, stated turn around & cuff up after I had given him my I.D. and turned to catch up with my wing, we never made any contact whatsoever at least not how he stated in this disciplinary report." *Id.* Nothing in this statement suggests that the plaintiff claimed that Logsdon used excessive force, and there is no mention at all of medical needs. To read exhaustion of excessive force and deliberate indifference into this grievance would flout a primary purpose of the exhaustion requirement: " . . . allowing a prison to address complaints about the program it administers before being subjected to suit, . . . ." *Jones*, 127 S.Ct. at 922.

IT IS THEREFORE ORDERED:

1) Defendant Logsdon's motion to file an Amended Answer is granted (d/e 60).

2) Defendant Logsdon's motion for summary judgment for failure to exhaust

administrative remedies is granted (d/e 65).  The claims against Defendant Logsdon are dismissed without prejudice.

     3) The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff.  All pending motions are denied as moot, and this case is terminated, with the parties to bear their own costs.

     4)  If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).

     Entered this <u>29th</u> Day of<u> July</u>, 2008.

                                    **s\Harold A. Baker**

                                    HAROLD A. BAKER
                            UNITED STATES DISTRICT JUDGE